IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKITA TAPP, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| VILLAGE OF SOUTH CHICAGO HEIGHTS, ) | |
| OFFICER ANTHONY ANDREATTA, Star # 17, ) | |
| OFFICER JOHN DEWAN, Star #72, OFFICER ) | 1:14-cv-9124 |
| TERRY KING, Star # 206, OFFICER BRIAN ) | |
| TREMAINE, Star #193, OFFICER MICHAEL ) | |
| SCHASSBURGER, Star # 73, OFFICER ) | |
| RICHARD HUNT, UNKNOWN ) | |
| COOK COUNTY SHERIFF'S POLICE OFFICERS) | |
| COOK COUNTY SHERIFF'S OFFICE, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | **JURY DEMANDED** |

<u>**CIVIL COMPLAINT**</u>

NOW COMES the Plaintiff, NIKITA TAPP, by and through one of her attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

**VENUE**

1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4. NIKITA TAPP is a United States citizen who resides in the Northern District of Illinois.

5. Defendants Village of South Chicago Heights Police Officer Anthony Andreatta, Star #17, Officer John Dewan, Star # 72, Officer Terry King, Star #206, Officer Brian Tremaine, Star #193, and Officer Michael Schassburger, Star #73, Officer Richard Hunt, (hereinafter referred to as "Defendant Officers") are present or former employees of the Village of South Chicago Heights. Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacity.

6. Defendant Village of South Chicago Heights is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant Village of South Chicago Heights.

7. Defendant Unknown Cook County Sheriff's Deputy is a present or former employee of the Cook County Sheriff's Office and Cook County.

8. At all times relevant, Defendant Unknown Cook County Sheriff's Deputy acted under color of law and within his authority as a duly appointed correctional officer for the Cook County Sheriff's Office.

9. Defendant Cook County Sheriff's Office is a law enforcement organization with its main offices in Cook County, Illinois.

10. Defendant County of Cook is a municipal organization organized under the laws of the State of Illinois. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby.

## BACKGROUND

11. Just before midnight, on June 26, 2014, Plaintiff was driving northbound, on her way home from work, on I-57.

12. Plaintiff got off I-57 at Sauk Trail road and headed eastbound towards her home.

13. Defendant Andreatta, a Village of South Chicago Heights police officer in his own car, drove erratically, sped, cursed at Plaintiff and told Plaintiff she would be sorry when the police got her.

14. Defendant Andreatta was driving to South Chicago Heights to begin his shift.

15. Fearing for her safety, Plaintiff called 911 to report Andreatta as a reckless driver.

16. Defendant Andreatta continued to harass Plaintiff in her vehicle as they drove east on Sauk Trail Road.

17. Plaintiff's 911 call, initially taken by a Matteson dispatcher, was transferred to the Village of South Chicago Heights dispatcher.

18. Plaintiff reported Defendant Andreatta as a reckless driver to the South Chicago Heights 911 call center.

19. At the same time, Defendant Andreatta called Defendant Village of South Chicago Heights police officer John Dewan on Dewan's personal phone.

20. Defendant Dewan was on-duty at the time.

21. At that time, Defendant Andreatta and Defendant Dewan, along with other Defendant Officers, entered into an agreement to detain Plaintiff without cause in an attempt to harass and intimidate her for calling 911 and reporting Andreatta's driving and threats.

22. Subsequently, Defendant Officers stopped Plaintiff's vehicle at or near the intersection of Sauk Trail Road and Chicago Road in South Chicago Heights.

23. At the time Defendant Officers stopped Plaintiff's car, Plaintiff had not violated any traffic or criminal laws.

24. There were three to four South Chicago Heights police cars present at the initial stop of Plaintiff's car.

25. Defendant Officers Dewan, King, Tremaine, Hunt and Schassburger did not stop Defendant Andreatta.

26. Defendant Officers Dewan, King, Tremaine, Hunt and Schassburger did not handcuff Defendant Andreatta.

27. As soon as Defendant Officers stopped Plaintiff's car, they ordered Plaintiff out of the car and to put her hands up.

28. Plaintiff immediately exited the car and put her hands up.

29. One or more Defendant Officers handcuffed Plaintiff.

30. One or more Defendant Officers threatened to take Plaintiff to jail and told her she would lose her job.

31. When Plaintiff asked why Andreatta was not stopped when he was the reckless driver, one or more Defendant Officers told Plaintiff that Defendant Andreatta was a police officer himself.

4

32. At some point, Defendant unknown Cook County Sheriff's deputies arrived on scene and continued to detain Plaintiff without probable cause or reasonable suspicion that a crime was being or had been committed.

33. One Defendant Officer lifted and looked at Plaintiff's ID that was on a chain around her neck three times.

34. Defendant Officers searched Plaintiff's car.

35. Defendant Officers did not find any contraband in Plaintiff's car.

36. Defendant Officers did not allow Plaintiff to leave after they searched Plaintiff's car.

37. Defendant Officers did not remove handcuffs from Plaintiff after they searched her car.

38. Defendant Officers continued to taunt and humiliate Plaintiff while she cried and remained in handcuffs.

39. Defendant Officers did not find any evidence that Plaintiff had committed a crime during her entire detention.

40. Defendant Officers detained Plaintiff against her will and handcuffed for approximately 45 minutes.

41. Plaintiff was not charged with any criminal offense.

42. Plaintiff was not given any traffic tickets.

43. Defendant Andreatta did not receive any traffic tickets.

44. As a result of Defendant Officers' unlawful conduct, Plaintiff was injured, including loss of liberty, fear, embarrassment, humiliation and severe emotional distress.

## COUNT I

### 42 U.S.C. § 1983 – Unlawful Seizure (against all Defendant Officers)

45. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

46. Defendant Officers stopped and detained Plaintiff.

47. Defendant Officers handcuffed Plaintiff, checked her identification, threatened her with arrest, and would not allow her to leave for approximately 45 minutes.

48. Defendant Officers did not have a reasonable suspicion that Plaintiff had committed, was committing or was about to commit a crime, when they stopped and detained her.

49. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

50. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

51. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – False Arrest (against all Defendant Officers)

52. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

53. Defendant Officers arrested Plaintiff.

54. Defendant Officers did not have probable cause that Plaintiff was committing a crime when they arrested her.

55. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

56. As a result of the false arrest, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

57. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT III

**42 U.S.C. § 1983 – Unreasonable Length of Seizure (against all Defendant Officers)**

58. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

59. Defendant Officers stopped and detained Plaintiff.

60. Defendant Officers handcuffed Plaintiff, checked her identification, threatened her with arrest, and would not allow her to leave for approximately 45 minutes.

61. After stopping Plaintiff, Defendant Officers did not have a sufficient evidence to justify their intrusion onto Plaintiff's liberty.

62. Plaintiff did not possess anything illegal, was not committing a crime, and did not violate any traffic laws.

63. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

64. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

65. The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. § 1983 – Failure to Intervene (against all Defendant Officers)

66. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

67. Defendant Officers had a reasonable opportunity to prevent the false arrest, illegal seizure, and unreasonable length of detention of Plaintiff and prevent her injuries, but failed to do so.

68. As a result of the Defendant Officers' failure to intervene, Plaintiff has suffered emotional injuries, loss of liberty, and pain and suffering.

69. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT V

### 42 U.S.C. § 1983 Civil Conspiracy to Interfere with the Rights of Plaintiff (against all Defendant Officers)

70. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

71. Beginning on or before June 26, 2014, through and including the present date, Defendant Officers, among themselves, expressly or impliedly formed an agreement to falsely arrest and illegally seize Plaintiff in violation of her constitutional rights and violate her right to equal protection of the laws.

72. In furtherance of this conspiracy, Defendant officers agreed to fabricate and conceal material evidence, create false reports, unlawfully detain Plaintiff, threaten and harass Plaintiff, and suppress all of these actions through and including the present.

73. Specifically, Defendant Officers took the following acts in furtherance of this conspiracy: fabricated police reports; intentionally failed to investigate potentially exculpatory evidence, such as Plaintiff's address and employment; failed to investigate Defendant Andreatta's false statements, and relied on, or made, sworn, false statements to fabricate probable cause to detain Plaintiff.

74. Furthermore, Defendants Officers took the acts set forth *supra*, in furtherance of their agreement to deprive Plaintiff of her right to be free from false arrest and illegal seizure and her right to equal protection under the laws.

75. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendant Officers.

76. As a result of this conspiracy to deprive Plaintiff of her constitutional rights, Plaintiff was injured, including loss of liberty, emotional damages, pain and suffering, trauma, mental distress, and emotional damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs, attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT VI

**42 U.S.C. § 1983 - Equal Protection – Class of One (against all Defendant Officers)**

77. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

78. Defendant Officers targeted Plaintiff, handcuffed Plaintiff, harassed Plaintiff, threatened Plaintiff with arrest, unlawfully detained Plaintiff, and created false reports about Plaintiff.

79. Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

80. There was no rational basis for the difference in treatment.

81. Defendant Officers were motivated by illegitimate animus against the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages, punitive damages, costs, attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim-Battery (against all Defendant Officers)

82. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

83. Without the consent of Plaintiff, Defendant Officers intentionally and offensively touched Plaintiff when they handcuffed Plaintiff.

84. Plaintiff was damaged by this intentional and unauthorized touching.

85. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

86. The misconduct undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against the Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office for compensatory damages,

punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT VIII

### State Claim – Assault (against Defendant Andreatta)

87. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

88. Defendant Andreatta denied Plaintiff's rights by assaulting her.

89. Plaintiff believed that she was in danger of being battered by Defendant Andreatta.

90. Plaintiff's belief of an imminent battery was reasonable.

91. Any reasonable person would also have become apprehensive in the face of Defendant Andreatta's threatening conduct.

92. Defendant Andreatta's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Defendant Andreatta for compensatory damages, punitive damages, medical expenses, and such other and additional relief as this Court deems equitable and just.

## COUNT IX

### State Claim – Intentional Infliction of Emotional Distress (against Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers)

93. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

94. The acts and conduct of Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police as set forth above were extreme and outrageous.

95. Said conduct included handcuffing Plaintiff, failing to investigate the circumstances surrounding Plaintiff's arrest, providing false reports, and harassing and intimidating Plaintiff and threatening Plaintiff with arrest.

96. Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

97. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

98. Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

99. As a proximate result of Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Dewan, King, Tremaine, Hunt Schassburger, and Unknown Cook County Sheriff's Police Officers for compensatory damages, costs, medical bills, such other and additional relief as this court deems equitable and just.

## COUNT X

**State Claim – Intentional Infliction of Emotional Distress (against Defendant Andreatta)**

100. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

101. The acts and conduct of Defendant Andreatta as set forth above were extreme and outrageous.

102. Said conduct included using chasing Plaintiff in his car, threatening Plaintiff with police action and/or arrest, making a false report about Plaintiff, and harassing and intimidating Plaintiff .

103. Defendant Andreatta intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiff.

104. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

105. Defendant Andreatta's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

106. As a proximate result of Defendant Andreatta's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendant Andreatta for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT XI

### State Claim – False Imprisonment (against all Defendant Officers)

107. Plaintiff re-alleges and incorporates all allegations in the preceding paragraphs.

108. Defendant Officers restrained Plaintiff.

109. Defendant Officers restrained Plaintiff without having reasonable grounds to believe Plaintiff had committed any offense.

110. Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

111. As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendant Officers for compensatory damages, costs, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT XII

### Indemnity Claim - 745 ILCS 10/9-102
### Against the Village of South Chicago Heights, Cook County Sheriff's Office and Cook County

112. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

113. Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are the employers of Defendant Officers.

114. Defendant Officers committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office.

115. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

116. As a proximate cause of Defendant Officers unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against the Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## COUNT XIII
### *Respondeat Superior* Liability Against Village of South Chicago Heights and/or County Cook and/or Cook County Sheriff's Office for State Law Claims Against Defendant Officers

117. Plaintiff re-alleges and incorporates all previous paragraphs.

118. Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are the employers of Defendant Officers.

119. Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

120. The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office.

121. As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

NIKITA TAPP
By One of Her Attorneys:
s/Mary J. Grieb
Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak Rd., Suite B-401
Chicago, Illinois 60608
312-226-4590