**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nikita Tapp, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 9124 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Ruben Castillo |
| Village of south Chicago Heights, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, Cook County and Cook County Sheriff's Office, by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Anthony E. Zecchin, and answer Plaintiff's complaint as follows:

### INTRODUCTION

1.    This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

ANSWER:    Defendants admit Plaintiff has brought this action pursuant to 42 U.S.C. § 1983. Defendants deny the remaining allegations in paragraph 1.

### JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

ANSWER:    Defendants admit the allegations in paragraph 2.

## VENUE

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b). The events alleged within all occurred in the Northern District of Illinois.

ANSWER:     Defendants admit venue is proper. Defendants deny the remaining allegations in paragraph 3.

## THE PARTIES

4.     NIKITA TAPP is a United States citizen who resides in the Northern District of Illinois.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5.     Defendants Village of South Chicago Heights Police Officer Anthony Andreatta, Star #17, Officer John Dewan, Star # 72, Officer Terry King, Star #206, Officer Brian Tremaine, Star #193, and Officer Michael Schassburger, Star #73, Officer Richard Hunt, (hereinafter referred to as "Defendant Officers") are present or former employees of the Village of South Chicago Heights. Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law. Defendant Officers are sued in their individual capacity.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6.      Defendant Village of South Chicago Heights is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers. At all times relevant hereto, Defendant Officers were acting under the color

2

of law and within the scope of their employment with Defendant Village of South Chicago Heights.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7.    Defendant Unknown Cook County Sheriff's Deputy is a present or former employee of the Cook County Sheriff's Office and Cook County.

ANSWER:    Defendants deny the allegations in paragraph 7.

8.    At all times relevant, Defendant Unknown Cook County Sheriff's Deputy acted under color of law and within his authority as a duly appointed correctional officer for the Cook County Sheriff's Office.

ANSWER:    Defendants deny the allegations in paragraph 8.

9.    Defendant Cook County Sheriff's Office is a law enforcement organization with its main offices in Cook County, Illinois.

ANSWER:    Defendants admit the allegations in paragraph 9.

10.    Defendant County of Cook is a municipal organization organized under the laws of the State of Illinois. It is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees and for injury occasioned thereby.

ANSWER:    Defendants deny the allegations in paragraph 10.

## BACKGROUND

11.    Just before midnight, on June 26, 2014, Plaintiff was driving northbound, on her way home from work, on I-57.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12.     Plaintiff got off I-57 at Sauk Trail road and headed eastbound towards her home.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13.     Defendant Andreatta, a Village of South Chicago Heights police officer in his own car, drove erratically, sped, cursed at Plaintiff and told Plaintiff she would be sorry when the police got her.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14.     Defendant Andreatta was driving to South Chicago Heights to begin his shift.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15.      Fearing for her safety, Plaintiff called 911 to report Andreatta as a reckless driver.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16.     Defendant Andreatta continued to harass Plaintiff in her vehicle as they drove east on Sauk Trail Road.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17.      Plaintiff's 911 call, initially taken by a Matteson dispatcher, was transferred to the Village of South Chicago Heights dispatcher.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18.     Plaintiff reported Defendant Andreatta as a reckless driver to the South Chicago Heights 911 call center.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.     At the same time, Defendant Andreatta called Defendant Village of South Chicago Heights police officer John Dewan on Dewan's personal phone.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20.     Defendant Dewan was on-duty at the time.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21.     At that time, Defendant Andreatta and Defendant Dewan, along with other Defendant Officers, entered into an agreement to detain Plaintiff without cause in an attempt to harass and intimidate her for calling 911 and reporting Andreatta's driving and threats.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22.     Subsequently, Defendant Officers stopped Plaintiff's vehicle at or near the intersection of Sauk Trail Road and Chicago Road in South Chicago Heights.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23. At the time Defendant Officers stopped Plaintiff's car, Plaintiff had not violated any traffic or criminal laws.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 23.

24. There were three to four South Chicago Heights police cars present at the initial stop of Plaintiff's car.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 24.

25. Defendant Officers Dewan, King, Tremaine, Hunt and Schassburger did not stop Defendant Andreatta.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 25.

26. Defendant Officers Dewan, King, Tremaine, Hunt and Schassburger did not handcuff Defendant Andreatta.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27. As soon as Defendant Officers stopped Plaintiff's car, they ordered Plaintiff out of the car and to put her hands up.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

28. Plaintiff immediately exited the car and put her hands up.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

6

29.      One or more Defendant Officers handcuffed Plaintiff.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the

allegations in paragraph 29.

30.      One or more Defendant Officers threatened to take Plaintiff to jail and told her

she would lose her job.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the

allegations in paragraph 30.

31.      When Plaintiff asked why Andreatta was not stopped when he was the reckless

driver, one or more Defendant Officers told Plaintiff that Defendant Andreatta was a police

officer himself.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the

allegations in paragraph 31.

32      At some point, Defendant unknown Cook County Sheriff's deputies arrived on

scene and continued to detain Plaintiff without probable cause or reasonable suspicion that a

crime was being or had been committed.

ANSWER:      Defendants admit that unknown Cook County Sheriff's deputies stopped at the

scene but deny the remaining allegations in paragraph 32.

33.       One Defendant Officer lifted and looked at Plaintiff's ID that was on a chain

around her neck three times.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the

allegations in paragraph 33.

34.      Defendant Officers searched Plaintiff's car.

7

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 34.

35.     Defendant Officers did not find any contraband in Plaintiff's car.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

36.     Defendant Officers did not allow Plaintiff to leave after they searched Plaintiff's car.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

37.     Defendant Officers did not remove handcuffs from Plaintiff after they searched her car.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38.     Defendant Officers continued to taunt and humiliate Plaintiff while she cried and remained in handcuffs.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 38.

39.     Defendant Officers did not find any evidence that Plaintiff had committed a crime during her entire detention.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

40.     Defendant Officers detained Plaintiff against her will and handcuffed for approximately 45 minutes.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41.     Plaintiff was not charged with any criminal offense.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42.     Plaintiff was not given any traffic tickets.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43.     Defendant Andreatta did not receive any traffic tickets.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44.     As a result of Defendant Officers' unlawful conduct, Plaintiff was injured, including loss of liberty, fear, embarrassment, humiliation and severe emotional distress.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

### COUNT I
### 42 U.S.C. § 1983 – Unlawful Seizure (against all Defendant Officers)[1]

45.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

46.     Defendant Officers stopped and detained Plaintiff.

---

[1] Plaintiff does not distinguish between South Chicago Heights police "officers" and Cook County Sheriff's "deputies" in pleading her individual counts, but Defendants are assuming Plaintiff's counts are directed at both.

9

ANSWER:     Defendants deny that any Sheriff's deputies stopped Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46.

47.     Defendant Officers handcuffed Plaintiff, checked her identification, threatened her with arrest, and would not allow her to leave for approximately 45 minutes.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 47. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 47.

48.      Defendant Officers did not have a reasonable suspicion that Plaintiff had committed, was committing or was about to commit a crime, when they stopped and detained her.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 48. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 48.

49.      Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 49. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 49.

50.     As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

ANSWER:    Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 50. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 50.

51.    The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

ANSWER:    Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 51. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 51.

## COUNT II
### 42 U.S.C. § 1983 – False Arrest (against all Defendant Officers)

52.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:    Defendants reassert their answers to the preceding paragraphs.

53.    Defendant Officers arrested Plaintiff.

ANSWER:    Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 53. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 53.

54.    Defendant Officers did not have probable cause that Plaintiff was committing a crime when they arrested her.

ANSWER:    Defendants deny that Sheriff's deputies arrested Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 54.

55.    Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 55. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 55.

56.     As a result of the false arrest, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 56. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 56.

57.     The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 57. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 57.

## COUNT III
## 42 U.S.C. § 1983 – Unreasonable Length of Seizure (against all Defendant Officers)

58.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

59.      Defendant Officers stopped and detained Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 59. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 59.

60.     Defendant Officers handcuffed Plaintiff, checked her identification, threatened her with arrest, and would not allow her to leave for approximately 45 minutes.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 60. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 60.

61.     After stopping Plaintiff, Defendant Officers did not have a sufficient evidence to justify their intrusion onto Plaintiff's liberty.

ANSWER:     Defendants deny that Sheriff's deputies stopped Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 61.

62.     Plaintiff did not possess anything illegal, was not committing a crime, and did not violate any traffic laws.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 62.

63.     Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 63. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 63.

64.     As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, anguish, and legal fees.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 64. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 64.

65.     The actions of the Defendants were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 65. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 65.

## COUNT IV
## 42 U.S.C. § 1983 – Failure to Intervene (against all Defendant Officers)

66.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

67.     Defendant Officers had a reasonable opportunity to prevent the false arrest, illegal seizure, and unreasonable length of detention of Plaintiff and prevent her injuries, but failed to do so.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 67. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 67.

68.     As a result of the Defendant Officers' failure to intervene, Plaintiff has suffered emotional injuries, loss of liberty, and pain and suffering.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 68. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 68.

69.     Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 69. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 69.

## COUNT V
### 42 U.S.C. § 1983 Civil Conspiracy to Interfere with the Rights of Plaintiff (against all Defendant Officers)

70.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER: Defendants reassert their answers to the preceding paragraphs.

71.     Beginning on or before June 26, 2014, through and including the present date, Defendant Officers, among themselves, expressly or impliedly formed an agreement to falsely arrest and illegally seize Plaintiff in violation of her constitutional rights and violate her right to equal protection of the laws.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 71. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 71.

72.     In furtherance of this conspiracy, Defendant officers agreed to fabricate and conceal material evidence, create false reports, unlawfully detain Plaintiff, threaten and harass Plaintiff, and suppress all of these actions through and including the present.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 72. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 72.

73.     Specifically, Defendant Officers took the following acts in furtherance of this conspiracy: fabricated police reports; intentionally failed to investigate potentially exculpatory

evidence, such as Plaintiff's address and employment; failed to investigate Defendant

Andreatta's false statements, and relied on, or made, sworn, false statements to fabricate

probable cause to detain Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in

paragraph 73. Defendants are without knowledge or information sufficient to form a belief as to the

remaining allegations directed against other defendants in paragraph 73.

74.     Furthermore, Defendants Officers took the acts set forth *supra*, in furtherance of

their agreement to deprive Plaintiff of her right to be free from false arrest and illegal seizure and

her right to equal protection under the laws.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in

paragraph 74. Defendants are without knowledge or information sufficient to form a belief as to the

remaining allegations directed against other defendants in paragraph 74.

75.     The conduct described above has been done willfully, wantonly, and intentionally

to obstruct justice by attempting to conceal the misconduct of Defendant Officers.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in

paragraph 75. Defendants are without knowledge or information sufficient to form a belief as to the

remaining allegations directed against other defendants in paragraph 75.

76.     As a result of this conspiracy to deprive Plaintiff of her constitutional rights,

Plaintiff was injured, including loss of liberty, emotional damages, pain and suffering, trauma,

mental distress, and emotional damages.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in

paragraph 76. Defendants are without knowledge or information sufficient to form a belief as to the

remaining allegations directed against other defendants in paragraph 76.

## COUNT VI
### 42 U.S.C. § 1983 - Equal Protection – Class of One (against all Defendant Officers)

77.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

78.      Defendant Officers targeted Plaintiff, handcuffed Plaintiff, harassed Plaintiff, threatened Plaintiff with arrest, unlawfully detained Plaintiff, and created false reports about Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 78. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 78.

79.      Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 79. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 79.

80.     There was no rational basis for the difference in treatment.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 80. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 80.

81.     Defendant Officers were motivated by illegitimate animus against the Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 81. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 81.

17

## COUNT VII
## State Claim-Battery (against all Defendant Officers)

82.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

83.     Without the consent of Plaintiff, Defendant Officers intentionally and offensively touched Plaintiff when they handcuffed Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 83. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 83.

84.      Plaintiff was damaged by this intentional and unauthorized touching.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 84. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 84.

85.     Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 85. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 85.

86.     The misconduct undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office, is liable for those actions. punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 86. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 86.

## COUNT VIII
### State Claim – Assault (against Defendant Andreatta)

87. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER: Defendants reassert their answers to the preceding paragraphs.

88. Defendant Andreatta denied Plaintiff's rights by assaulting her.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 88.

89. Plaintiff believed that she was in danger of being battered by Defendant Andreatta.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 89.

90. Plaintiff's belief of an imminent battery was reasonable.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 90.

91. Any reasonable person would also have become apprehensive in the face of Defendant Andreatta's threatening conduct.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 91.

92. Defendant Andreatta's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

19

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 92.

## COUNT IX
**State Claim – Intentional Infliction of Emotional Distress (against Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers)**

93.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER: Defendants reassert their answers to the preceding paragraphs.

94.      The acts and conduct of Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police as set forth above were extreme and outrageous.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 94. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 94.

95.     Said conduct included handcuffing Plaintiff, failing to investigate the circumstances surrounding Plaintiff's arrest, providing false reports, and harassing and intimidating Plaintiff and threatening Plaintiff with arrest.

ANSWER: Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 95. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 95.

96.      Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers intended to cause, or was in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 96. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 96.

97.     Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 97. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 97.

98.     Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 98. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 98.

99.     As a proximate result of Defendants Dewan, King, Tremaine, Schassburger, Hunt and Unknown Cook County Sheriff's Police Officers wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 99. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 99.

**COUNT X**
**State Claim – Intentional Infliction of Emotional Distress (against Defendant Andreatta)**

100.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

101.     The acts and conduct of Defendant Andreatta as set forth above were extreme and outrageous.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 101.

102.      Said conduct included using chasing Plaintiff in his car, threatening Plaintiff with police action and/or arrest, making a false report about Plaintiff, and harassing and intimidating Plaintiff .

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 102.

103.     Defendant Andreatta intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiff.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 103.

104.      Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 104.

105.      Defendant Andreatta's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 105.

106.    As a proximate result of Defendant Andreatta's wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 106.

## COUNT XI
## State Claim – False Imprisonment (against all Defendant Officers)

107.    Plaintiff re-alleges and incorporates all allegations in the preceding paragraphs.

ANSWER:    Defendants reassert their answers to the preceding paragraphs.

108.    Defendant Officers restrained Plaintiff.

ANSWER:    Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 108. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 108.

109.    Defendant Officers restrained Plaintiff without having reasonable grounds to believe Plaintiff had committed any offense.

ANSWER:    Defendants deny that Sheriff's deputies restrained Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 109.

110.    Defendant Officers' conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

ANSWER:    Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 110. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 110.

111.    As a proximate result of Defendant Officers' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 111. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 111.

## COUNT XII
## Indemnity Claim - 745 ILCS 10/9-102
## Against the Village of South Chicago Heights, Cook County Sheriff's Office and Cook County

112.    Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

113.    Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are the employers of Defendant Officers.

ANSWER:     Defendants deny that Sheriff's deputies are employees of the County of Cook or that any Sheriff's deputies were involved in or committed any of the acts alleged in this complaint. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 113.

114.    Defendant Officers committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 114. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 114.

115.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

ANSWER:     Defendants admit the allegations in paragraph 115.

116.     As a proximate cause of Defendant Officers unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 116. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 116.

## COUNT XIII
### *Respondeat Superior* Liability Against Village of South Chicago Heights and/or County Cook and/or Cook County Sheriff's Office for State Law Claims Against Defendant Officers

117.     Plaintiff re-alleges and incorporates all previous paragraphs.

ANSWER:     Defendants reassert their answers to the preceding paragraphs.

118.     Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are the employers of Defendant Officers.

ANSWER:     Defendants deny that Cook County is the employer of any Sheriff's deputies or that any Sheriff's deputies were involved in or committed any of the acts alleged in this complaint. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 118.

119.     Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office are liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine of *respondeat superior*.

ANSWER:     Defendants deny the allegations as directed against unknown Sheriff's deputies in paragraph 119. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 119.

120.     The acts of Defendant Officers described in the state-law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant Village of South Chicago Heights and/or County of Cook and/or Cook County Sheriff's Office.

ANSWER:     Defendants deny that Cook County is the employer of any Sheriff's deputies and the allegations as directed against to Sheriff's deputies in paragraph 120. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 120.

121.     As a proximate cause of the Defendant Officers' unlawful acts, which occurred within the scope of his employment activities, Plaintiff was injured.

ANSWER:     Defendants deny the allegations as directed against to Sheriff's deputies in paragraph 121. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations directed against other defendants in paragraph 121.

## **AFFIRMATIVE DEFENSES**

1.     Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendants are entitled to the defense of Qualified Immunity.

2.     At all times relevant in Plaintiff's Complaint, Defendants Cook County, Sheriff Thomas Dart and unknown Sheriff's deputies were local public entities or employees as defined by the Illinois Local Governmental and Governmental Employee's Tort Immunity Act,

26

hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 *et seq*., (1995 as amended) and as such can avail themselves of any and all immunities and defenses provided for therein.

3.    Pursuant to § 2-102 of the Tort Immunity Act, Cook County and Sheriff Dart are not liable for punitive or exemplary damages that Plaintiff may be seeking for her state law claims.

4.    Pursuant to § 2-103 of the Tort Immunity Act, Defendants are not liable for an injury caused by failing to enforce any law of the State of Illinois.

5.    Pursuant to § 2-109 of the Tort Immunity Act, Cook County and Sheriff Dart are not liable for an injury resulting from an act or omission of its employee where the employee is not liable for violations of state law

6.    Pursuant to § 2-201 of the Tort Immunity Act, Defendants are entitled to immunity where a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

6.    Pursuant to § 2-202 of the Tort Immunity Act, Defendants are not liable for any injury arising from their acts or omissions in the execution or enforcement of any law as their alleged actions did not constitute willful or wanton conduct.

7.    Pursuant to § 2-204 of the Tort Immunity Act, Defendants are not liable for any injury that was caused by the act or omission of another person.

## **JURY DEMAND**

Defendants demand a trial by jury.

                                   Respectfully Submitted,
                                   ANITA ALVAREZ
                                   State's Attorney of Cook County
                                   /s/ Anthony E. Zecchin
                                   Anthony E. Zecchin
                                   Assistant State's Attorney
                                   500 Richard J. Daley Center
                                   Chicago, IL 60602